*Owen & Ellis, for appellant.   W. N. Sweeney, for appellees.*

---

## JOHN J. GELTON *v.* ESTHER GELTON.

**Will—Construction.**

> The word "desire" as used in a will, where the testator says, "And I desire son John to live on the home place and take care of his mother during her life," imposes something more than a mere wish or request. It was, in effect, a direction to John, who is the remainderman, to reside with his mother and take care of her, with the right implied, so long as he continues to discharge this duty, to use and control the farm; but when the mother goes to reside with her daughter, such son, if he continues to use the farm, must continue to discharge the duty imposed on him by the will.

### APPEAL FROM CAMPBELL CHANCERY COURT.

#### November 16, 1877.

OPINION BY JUDGE LINDSAY:

The will of Phillip Gelton, deceased, invested the appellee with a life estate in the home place; but said devise was coupled with the condition that the appellant was to have the right to reside on the place with his mother, charged with the duty of taking care of her during her life.

The word "desire," as used in the will, where the testator says: "And I desire son John to live on the home place and take care of his mother during her life," imposes something more than a mere wish or request. It was in effect a direction to John, who is the remainderman, to reside with his mother and take care of her, with the implied right, of course, so long as he continues to discharge this duty, to use and control the farm.

Having the right to reside on and control the farm, he cannot be charged with rents, for use and occupation as a tenant, nor with mean profits or as trespasser. Neither can he be allowed to enjoy this use and at the same time refuse to perform the duty of taking care of his mother during her life.

The appellee was not bound to reside on the farm with the appellant. The devise to her entitles her to a reasonable support out of the profits of the farm, and this right is perfect and unqualified.

Appellant continued to use and enjoy the estate, after his mother had gone to reside with her daughter, with full knowledge of all the facts, and the law will imply an undertaking to continue the discharge of the duty imposed on him by the will.

The inquiry in this case should have been as to the sum reasonably necessary each year to support or to take care of the appellee, and not as to the reasonable rent of the farm. This last named question is important in one regard, and that is that appellant can in no event be charged a greater sum for any one year than the reasonable rent for that year.

The judgment is *reversed* and the cause remanded for further preparations, and further proceedings consistent with this opinion.

*A. Duvall, for appellant. G. S. Ducke, for appellee*